IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WALTER F. COLEMAN, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-56 |
| v. | |
| JENNIFER AMMONS, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1] Plaintiff also filed a Motion for Default Judgment, a Motion for Status of Case, and a Motion for Summary Judgment. Docs. 16, 20, 21. Since I am dismissing Plaintiff's Complaint in its entirety, I **DENY as moot** Plaintiff's Motions.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is a prisoner at Ware State Prison. Doc. 1 at 3. Plaintiff states he was arrested on September 3, 2020, based on an alleged parole violation. Id. at 5. Plaintiff alleges he did not receive a hearing or appointment of counsel. Plaintiff alleges his incarceration was unjustified.

---

[1] Plaintiff has consented to the undersigned's plenary review. Doc. 7.

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff alleges the Attorney General of the State of Georgia and the Clemency Director of the Georgia Department of Pardons and Parole were aware of the facts of Plaintiff's case and refused to act. Plaintiff claims he was falsely imprisoned, and this violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff alleges Julie Tinsley and Jennifer Ammons were also aware Plaintiff was not on parole but they failed to uphold their oath of office. Id. Plaintiff seeks immediate release from incarceration and monetary damages. Id. at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a

2

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Request for Release from State Custody**

Plaintiff argues he has been falsely imprisoned and his confinement is unconstitutional. This could be construed as a request for release from state custody.  However, a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).  To the extent Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, "for those imprisoned pursuant to a State court judgment, we held that the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions."  Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).  Accordingly, to the extent Plaintiff seeks injunctive relief to release him from state custody, this portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint.  Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies.  Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486).  Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a

necessary prerequisite for filing a federal habeas petition.  Therefore, I **DISMISS** Plaintiff's claim for injunctive relief.

II.     **Plaintiff's Claims for Monetary Relief**

Plaintiff requests monetary damages arising from his unconstitutional confinement. Doc. 1 at 6.  In order to bring a § 1983 action for damages which "challenge[s] the validity of [an] outstanding criminal judgment[,]" a plaintiff must first "prove the unlawfulness of his confinement or conviction."  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  To show an unlawful conviction or confinement, the plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."  Id. at 486–87.  If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and the sentence has not already been invalidated, the court must dismiss the complaint.  Id. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").  Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred."  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007).

Plaintiff alleges Defendants falsely imprisoned him and he should not have been incarcerated because he did not commit a parole violation.  Doc. 1 at 5.  However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  To award Plaintiff damages for unlawful imprisonment would necessarily imply his sentence is

4

invalid. Thus, Plaintiff has not asserted a claim improper imprisonment resulting from a wrongful arrest that is actionable under § 1983. Accordingly, I **DISMISS** Plaintiff's claims for monetary relief.

### III.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Plaintiff also filed a Motion for Default Judgment, a Motion for Status of Case, and a Motion for Summary Judgment.  Docs. 16, 20, 21.  Since I am dismissing Plaintiff's Complaint in its entirety, I **DENY as moot** Plaintiff's Motions.

**SO ORDERED**, this 14th day of July, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA